1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9

10  JULIAN BALDERRAMA,                    Case No. CV 20-6052-JGB (KK)

11                    Plaintiff,

12             v.                         ORDER DISMISSING COMPLAINT
                                          WITH LEAVE TO AMEND
13  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND
14  REHABILITATION,

15                    Defendant(s).

16

17

18                              **I.**

19                        **INTRODUCTION**

20       Plaintiff Julian Balderrama ("Balderrama"), proceeding pro se and in forma

21  pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against a

22  single defendant, the California Department of Corrections and Rehabilitation

23  ("CDCR"), alleging deliberate indifference and cruel and unusual punishment as well

24  as state law claims for medical malpractice and medical negligence.  For the reasons

25  discussed below, the Court dismisses the Complaint with leave to amend.

26  ///

27  ///

28  ///

## II.

## __BACKGROUND__

On July 7, 2020, Balderrama filed a Complaint against CDCR for deliberate indifference, cruel and unusual punishment, medical malpractice, and medical negligence.  ECF Docket No. ("Dkt.") 1.  Balderrama alleges he discovered in October 2019 that he "may be the victim of malpractice, deliberate indifference, [and] gross negligence" based on CDCR's failure to diagnose and treat his heart condition.  Id. at 4.

In 2003, while incarcerated at Corcoran State Prison, Balderrama alleges he was diagnosed with hypertension and was prescribed medicine.  Id. at 3.

In 2015, while incarcerated at Pelican Bay State Prison, Balderrama alleges he "began experiencing excruciating chest pains accompanied with shortness of breath[]."  Id.  Balderrama alleges he was "briefly evaluated and diagnosed as having acid reflux."  Id.  Balderrama was prescribed medication for the acid reflux.  Id.  Balderrama alleges he informed Pelican Bay State Prison medical staff that he was still experiencing symptoms.  Id.  Balderrama "was not reevaluated and was continued with a prescription for acid reflux."  Id.

In October 2019, while incarcerated at Chino State Prison, Balderrama was sent to Loma Linda Medical Center where he was seen and evaluated for "exacerbated excruciating chest pains and shortness of breath[]."  Id. at 4.  Balderrama alleges he was diagnosed with heart failure and immediately scheduled for heart surgery, which was conducted in October 2019.  Id.

The "Request for Relief" section of the Complaint does not request any specific relief, but rather lists the following: "loss of normal life function, pain and suffering, cruel and unusual punishment, cardiac damage/double by pass heart surgery/permanent disability."  Id. at 9.

///

///

2

### III.

### <u>STANDARD OF REVIEW</u>

Where a plaintiff is proceeding <u>in forma pauperis</u>, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); <u>see</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." <u>Zamani v. Carnes</u>, 491 F.3d 990, 996 (9th Cir. 2007).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  <u>Hamilton v. Brown</u>, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  The complaint "must contain sufficient allegations of

1 underlying facts to give fair notice and to enable the opposing party to defend itself

2 effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

3       "A document filed pro se is 'to be liberally construed,' and a 'pro se complaint,

4 however inartfully pleaded, must be held to less stringent standards than formal

5 pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

6 However, liberal construction should only be afforded to "a plaintiff's factual

7 allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d

8 339 (1989), and a court need not accept as true "unreasonable inferences or assume

9 the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock

10 Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

11       If a court finds the complaint should be dismissed for failure to state a claim,

12 the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith,

13 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it

14 appears possible the defects in the complaint could be corrected, especially if the

15 plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106

16 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot

17 be cured by amendment, the court may dismiss without leave to amend.  Cato, 70

18 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

19                                **IV.**

20                          **DISCUSSION**

21 **A.     THE COMPLAINT FAILS TO INCLUDE A DAMAND FOR RELIEF**

22       Pursuant to Rule 8, a complaint must contain "a demand for relief sought

23 which may include relief in the alternative or different types of relief."  Fed. R. Civ. P.

24 8(a)(3).  Here, the page of the Complaint titled "request for relief" fails to specify

25 what relief Balderrama seeks, as required by Rule 8(a)(3).  Hence, the Complaint is

26 subject to dismissal.

27 ///

28 ///

4

**B.     THE ELEVENTH AMENDMENT BARS ALL SECTION 1983 CLAIMS AGAINST CDCR**

    **1.     Applicable Law**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)).  This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether a plaintiff "seek[s] damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102.  "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990).

    **2.     Analysis**

Here, to the extent Balderrama seeks to sue CDCR pursuant to Section 1983 for deliberate indifference and cruel and unusual punishment, such claims are barred because CDCR is protected by the Eleventh Amendment.  See Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (affirming district court holding that CDCR is entitled to Eleventh Amendment immunity).  Thus, Balderrama's Section 1983 claims against CDCR are subject to dismissal.

**C.     THE COMPLAINT FAILS TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE**

    **1.     Applicable Law**

Prison officials or private physicians under contract to treat state inmates "violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (alterations in original); Farmer, 511 U.S. at 828; West v. Atkins, 487 U.S. 42, 54, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant (1) deprived him of an objectively serious

1    medical need, and (2) acted with a subjectively culpable state of mind.  <u>Wilson</u>, 501

2    U.S. at 297.

3         "A medical need is serious if failure to treat it will result in 'significant injury or

4    the unnecessary and wanton infliction of pain.'"  <u>Peralta</u>, 744 F.3d at 1081.  "A prison

5    official is deliberately indifferent to [a serious medical] need if he 'knows of and

6    disregards an excessive risk to inmate health.'"  <u>Id.</u> at 1082.  This standard "requires

7    more than ordinary lack of due care."  <u>Colwell v. Bannister</u>, 763 F.3d 1060, 1066 (9th

8    Cir. 2014).  The "official must both be aware of facts from which the inference could

9    be drawn that a substantial risk of serious harm exists, and he must also draw the

10   inference."  <u>Id.</u>

11        "Deliberate indifference 'may appear when prison officials deny, delay, or

12   intentionally interfere with medical treatment, or it may be shown by the way in which

13   prison physicians provide medical care.'"  <u>Id.</u> (citing <u>Hutchinson v. United States</u>, 838

14   F.2d 390, 394 (9th Cir. 1988)).  In either case, however, the indifference to the

15   inmate's medical needs must be purposeful and substantial; negligence, inadvertence,

16   or differences in medical judgment or opinion do not rise to the level of a

17   constitutional violation.  <u>See</u> Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996),

18   cert. denied, 519 U.S. 1029, 117 S. Ct. 584, 136 L. Ed. 2d 514 (1996); <u>see also</u> <u>Toguchi</u>

19   <u>v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical

20   malpractice is not sufficient to establish an Eighth Amendment violation); <u>Sanchez v.</u>

21   <u>Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  Similarly, "[a] difference of opinion between

22   a prisoner-patient and prison medical authorities regarding treatment does not give

23   rise" to a Section 1983 claim.  <u>Franklin v. Or., State Welfare Div.</u>, 662 F.2d 1337, 1344

24   (9th Cir. 1981).  A plaintiff "must show that the course of treatment the doctors

25   chose was medically unacceptable under the circumstances, and . . . that they chose

26   this course in conscious disregard of an excessive risk to plaintiff's health."  <u>Jackson</u>,

27   90 F.3d at 331.

28   ///

1        **2.**    **Analysis**

2        Here, to the extent Balderrama might seek to bring a deliberate indifference

3    claim against individual CDCR medical staff, his claim fails.  While not entirely clear,

4    it appears Balderrama is suing CDCR due to the failure of CDCR's medical staff to

5    properly diagnose his heart condition.  Balderrama, however, admits he was seen by

6    medical staff and provided medication in 2003, 2015, and 2019 whenever he

7    complained of chest pain and shortness of breath.  It, therefore, does not appear any

8    CDCR staff denied, delayed, or intentionally interfered with Balderrama's medical

9    treatment.  See Colwell, 763 F.3d at 1066.  To the extent CDCR medical staff

10   misdiagnosed Balderrama's condition in 2003 and 2015, even negligence constituting

11   medical malpractice is not sufficient to establish an Eighth Amendment violation.

12   Toguchi, 391 F.3d at 1060.  Moreover, the differences in medical judgment or opinion

13   between Balderrama's doctors in 2003 and 2015 and his doctor in 2019 do not rise to

14   the level of a constitutional violation.  See Jackson, 90 F.3d at 332.  Hence,

15   Balderrama's Eighth Amendment deliberate indifference claim is subject to dismissal.

16   **D.**    **THE COMPLAINT FAILS TO STATE A CLAIM FOR CRUEL AND**

17       **UNUSUAL PUNISHMENT**

18       **1.**    **Applicable Law**

19       Prison officials violate the Eighth Amendment's prohibition against cruel and

20   unusual punishment when they deny humane conditions of confinement with

21   deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.

22   Ed. 2d 811 (1994).  To state a conditions of confinement claim, an inmate must show

23   objective and subjective components.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir.

24   2002).

25       The objective component requires an "objectively insufficiently humane

26   condition violative of the Eighth Amendment" which poses a substantial risk of

27   serious harm.  Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996).  While

28   "'deprivations denying the minimal civilized measure of life's necessities are

sufficiently grave to form the basis of an Eighth Amendment violation,'" the routine discomforts and deprivations inherent in prison settings do not give rise to Eighth Amendment violations.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)).  Under the Eighth Amendment, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Id. (citing Farmer, 511 U.S. at 832; Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).

The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837-38.

### 2.   Analysis

Here, it is not clear what actions by CDCR staff Balderrama alleges violated his Eighth Amendment right to be free from cruel and unusual punishment, see Iqbal, 556 U.S. at 678, but to the extent Balderrama might seek to bring a cruel and unusual punishment claim against individual CDCR medical staff, his claim fails.  First, there are no allegations to support a finding of an "objectively insufficiently humane condition violative of the Eighth Amendment."  See Osolinski, 92 F.3d at 938.  To the extent Balderrama is alleging he was denied medical care, there are no allegations in the Complaint that Balderrama's complaints of chest pain were ignored.  Moreover, such a claim is contradicted by Balderrama's admission that he was seen by medical staff and provided medication in 2003, 2015, and 2019 whenever he complained of

8

chest pain and shortness of breath.  In addition, there are no allegations to support a finding that prison officials acted with deliberate indifference to any substantial risk of serious harm.  Hence, Balderrama's Eighth Amendment cruel and unusual punishment claim is subject to dismissal.

## E.    THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

The Court has original jurisdiction solely over Balderrama's federal law claims brought under Section 1983, which should be dismissed for the reasons set forth above.  "Where a district court dismisses every claim over which it had original jurisdiction, it retains pure discretion in deciding whether to exercise supplemental jurisdiction over the remaining claims." Lacey v. Maricopa County, 649 F.3d 1118, 1137 (9th Cir. 2011) (internal citation, alterations, and quotation marks omitted); see also 28 U.S.C. § 1367(c).

As set forth above, Balderrama's federal law claims are subject to dismissal. The Court, therefore, declines to exercise supplemental jurisdiction over Balderrama's state law claims at this time.  Accordingly, Balderrama's state law claims are subject to dismissal for lack of jurisdiction.

## V.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been

1  found to be deficient without addressing the claim's deficiencies, then the Court,

2  pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned

3  district judge a recommendation that such claim be dismissed with prejudice for

4  failure to state a claim, subject to Plaintiff's right at that time to file Objections with

5  the district judge as provided in the Local Rules Governing Duties of Magistrate

6  Judges.

7        Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the

8  service date of this Order, Plaintiff choose one of the following three options:

9        1.     Plaintiff may file a First Amended Complaint to attempt to cure the

10  deficiencies discussed above.  <u>The Clerk of Court is directed to mail Plaintiff a blank</u>

11  <u>Central District civil rights complaint form to use for filing the First Amended</u>

12  <u>Complaint, which the Court encourages Plaintiff to use.</u>

13        If Plaintiff chooses to file a First Amended Complaint, he must clearly

14  designate on the face of the document that it is the "First Amended Complaint," it

15  must bear the docket number assigned to this case, and it must be retyped or

16  rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not

17  include new defendants or allegations that are not reasonably related to the claims

18  asserted in the Complaint.  In addition, the First Amended Complaint must be

19  complete without reference to the Complaint or any other pleading, attachment, or

20  document.

21        An amended complaint supersedes the preceding complaint.  <u>Ferdik v.</u>

22  <u>Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat

23  all preceding complaints as nonexistent.  <u>Id</u>.  **Because the Court grants Plaintiff**

24  **leave to amend as to all his claims raised here, any claim raised in a preceding**

25  **complaint is waived if it is not raised again in the First Amended Complaint.**

26  <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

27        The Court advises Plaintiff that it generally will not be well-disposed toward

28  another dismissal with leave to amend if Plaintiff files a First Amended Complaint

that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  <u>Ismail v. Cty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2.      Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his Complaint.  If Plaintiff chooses to stand on the Complaint despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the action be dismissed in its entirety for failure to state a claim,** subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3.      Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  July 24, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

11